**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Van Adams,<br><br>   Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>   Respondents. | CV-04-1359-PHX-MHM<br><br>**ORDER** |

Before the Court is Petitioner's motion for reconsideration (Dkt. 122) regarding the Court's Order of March 30, 2007, which denied as procedurally barred or meritless all but one of Petitioner's habeas claims (Dkt. 116).[1]

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance*

---

[1] With respect to the remaining claim, Claim 1, alleging ineffective assistance of counsel at sentencing, the Court deferred ruling until the United States Supreme Court issued its decision in *Schriro v. Landrigan*, 127 S. Ct. 35 (2006). The Supreme Court handed down its ruling on May 14, 2007. *Schriro v. Landrigan*, --- S. Ct. ----, 2007 WL 1387923. Petitioner requests fourteen days to complete supplemental briefing addressing the impact of the ruling on Claim 1.

*Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Alleging that this Court committed clear error, Petitioner seeks reconsideration of the Court's denial of Claim 2 as procedurally barred. In Claim 2, Petitioner alleges that his waiver of the presentation of mitigation evidence at sentencing was not knowing or voluntary because counsel did not perform an adequate mitigation investigation prior to the waiver and because the court failed to engage Petitioner in an adequate waiver colloquy. (Dkt. 48 at 65.) This Court found that the claim was procedurally barred based upon the PCR court's determination that Petitioner's "claim that his waiver was invalid because he was not fully informed of the consequences of the waiver is precluded under Rule 32.2(a)(3) because it could have been raised on direct appeal to the Arizona Supreme Court." (Dkt. 116 at 28 (quoting ME 1/6/03 at 4.)) Petitioner now contends that this Court and the PCR court erred because the "gravamen" of the claim was the allegation of ineffective assistance of counsel ("IAC"), and that such an allegation could not have been raised on direct appeal because it required the introduction of additional evidence through an evidentiary hearing and because Petitioner was represented on direct appeal by the same office that represented him at trial. The Court disagrees.

In Claim 2 Petitioner challenges the *result* of counsel's failure to investigate mitigation evidence, contending that, combined with the failure of the trial court to "engage in a meaningful colloquy" (Dkt. 48 at 65), counsel's performance rendered Petitioner's waiver of mitigation involuntary and uninformed. It was this "inadequate waiver" claim that was denied by the PCR court on independent and adequate state grounds when it determined

- 2 -

that Petitioner could have challenged the validity of his waiver on direct appeal.[2] (ME 1/6/03 at 4.) To the extent Petitioner alleges IAC in Claim 2, the allegation is indistinguishable from the IAC allegation in Claim 1 – i.e., that counsel performed ineffectively by failing to conduct an adequate mitigation investigation. That claim *was* the subject of an evidentiary hearing in state court, when Petitioner was no longer represented by the Maricopa County Public Defender's Office, and will be addressed on the merits by this Court following the supplemental briefing ordered below.

In addition, based upon the Supreme Court's statement in *Landrigan* that "[w]e have never imposed an 'informed and knowing' requirement upon a defendant's decision not to introduce evidence," 2007 WL 1387923 at *9, it is clear that Claim 2 is without merit. Because there is no Supreme Court precedent requiring a knowing and informed waiver of mitigation evidence, Petitioner's assertion in Claim 2 that his waiver was uninformed and involuntary cannot provide a basis for relief. *See Carey v. Musladin*, 127 S. Ct. 649, 653-54 (2006) (denying habeas relief in absence of clearly established federal law).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 122) is **DENIED**.

**IT IS FURTHER ORDERED** that supplemental briefing concerning the impact of the holding in *Schriro v. Landrigan*, --- S. Ct. ----, 2007 WL 1387923, on Petitioner's Claim 1, shall occur as follows:

---

[2] It is clear – and Petitioner does not contend otherwise – that claims challenging the validity of a defendant's waiver of a right are appropriately raised on direct appeal. *See, e.g.*, *State v. Roscoe*, 184 Ariz. 484, 498-99, 910 P.2d 635, 649-50 (1996) (defendant argued on direct appeal that he was inappropriately allowed to represent himself without a valid waiver of his right to counsel); *State v. Amaya-Ruiz*, 166 Ariz. 152, 174-75, 800 P.2d 1260, 1282-83 (1990) (defendant challenged validity of his waiver of right to be present at aggravation/mitigation hearing).

Petitioner's memorandum shall be filed not later than fourteen (14) days from the date of this Order.

Respondents' response shall be filed within ten (10) days of Petitioner's memorandum.

Petitioner's reply shall be filed within five (5) days of Respondents' response.

DATED this 22nd day of May, 2007.

_____
Mary H. Murguia
United States District Judge