1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9    James Van Adams,                    )
                                          )        CV-04-1359-PHX-MHM
10                 Petitioner,            )
                                          )
11        v.                              )        **ORDER**
                                          )
12   Dora Schriro, et al.,                )
                                          )
13                 Respondents.           )
                                          )
14   _____  )

15        Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 131.) The

16   motion is filed in response to this Court's Order and Judgment of August 28, 2007, denying

17   Petitioner's First Amended Petition for Writ of Habeas Corpus. (Dkts. 129, 130.) Petitioner

18   challenges this Court's denial of Claim 1, which alleged ineffective assistance of counsel at

19   sentencing.[1] Petitioner contends that the Court committed "manifest errors of law and fact"

20   when it concluded that habeas relief on Claim 1 was foreclosed by the holding in *Schriro v.*

21   *Landrigan*, 127 S. Ct. 1933 (2007). (Dkt. 131 at 2.) Petitioner also challenges the Court's

22   denial of his motion for a sleep evaluation. (*Id.* at 7-9.)

23                              **DISCUSSION**

24        A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Civil

25   Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary

26

27        [1]    In its August 28 Order, the Court denied Claim 1 on the merits. (Dkt. 129.)
     In an Order dated March 30, 2007, the Court had denied the remaining claims as procedurally
28   barred or meritless. (Dkt. 116.)   The Court also denied Petitioner's motion for
     reconsideration of that Order. (Dkt. 123.)

1    remedy, to be used sparingly in the interests of finality and conservation of judicial

2    resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The

3    Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only

4    be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold,*

5    179 F.3d 656, 665 (9th Cir. 1999).  Reconsideration is appropriate only if the court is

6    presented with newly discovered evidence, if there is an intervening change in controlling

7    law, or if the court committed clear error.  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

8    Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*,

9    5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration is not a forum for the

10   moving party to make new arguments not raised in its original briefs, *Northwest Acceptance*

11   *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to

12   ask the court to "rethink what it has already thought through," *United States v. Rezzonico*,

13   32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

14          Petitioner's motion simply asks the Court to rethink what it has already thought

15   through.  The Court will respond briefly to Petitioner's arguments.

16          Petitioner criticizes both the Court's determination that he instructed counsel not to

17   present a case in mitigation and the Court's analysis of the holding in *Landrigan*.

18   Petitioner's principal contentions are that he did not object to the presentation of all

19   mitigation evidence and that counsel had a duty to investigate mitigating evidence

20   notwithstanding any directive to the contrary.  As the Court has already noted, Petitioner is

21   incorrect on both counts.  First, the record clearly reveals, in Petitioner's own words at the

22   presentencing hearing and again at sentencing, that he unambiguously instructed counsel not

23   to "put any mitigation evidence on."  (RT 10/17/97 at 40-41; *see* RT 11/12/97 at 4-5.)  The

24   scope and clarity of Petitioner's waiver is further supported by the fact that his decision

25   withstood the efforts of counsel and a mitigation specialist to change Petitioner's mind and

26   persuade him to allow the presentation of mitigating evidence; Petitioner's statements that

27   he wanted the death penalty rather than a life sentence; his directive to counsel that he would

28

1   not cooperate with a mental health evaluation; and his refusal to allow family members to

2   participate in a mitigation investigation. Second, in *Landrigan* the Supreme Court explained

3   that "counsel's failure to investigate further could not have been prejudicial under

4   *Strickland*" if the defendant instructed counsel not to offer any mitigating evidence. 127 S.

5   Ct. at 1941. Therefore, because Petitioner instructed counsel not to present any mitigating

6   evidence, counsel's failure to investigate further was not prejudicial.

7        Petitioner is not entitled to relief on this claim. Furthermore, because Petitioner has

8   not presented a colorable claim for relief under the AEDPA and the clearly-established law

9   set forth in *Landrigan*, he is not entitled to an evidentiary hearing. *Id.* at 1940 ("if the record

10  refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court

11  is not required to hold an evidentiary hearing").

12       In its Order denying the habeas petition, the Court also denied as moot Petitioner's

13  motion for a sleep evaluation. The Court alternatively noted that Petitioner had failed to

14  explain how such an evaluation would remedy any alleged inability on his part to assist

15  habeas counsel. The motion for a sleep evaluation was filed in February 2007, several

16  months after the completion of briefing on Petitioner's motion for evidentiary development.

17  Beyond suggesting that he might be less ambivalent about seeking habeas relief if his mental

18  health were to improve, Petitioner has yet to specify how any potential improvement in his

19  ability to sleep – assuming that a sleep evaluation ultimately would have produced such a

20  result – would assist him in pursuing his habeas claims at this point in the proceedings.

21       Based on the foregoing,

22       **IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment

23  (Dkt. 131) is **DENIED**.

24       DATED this 19ᵗʰ day of September, 2007.

25

26

27  _____
    Mary H. Murguia
28  United States District Judge