**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Van Adams, ) | No. CV-04-1359-PHX-MHM |
| Petitioner, ) | DEATH PENALTY CASE |
| vs. ) | |
| ) | **ORDER** |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Before the Court is Petitioner's Request for Indication Whether Court Will Entertain a Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 150.) Respondents oppose the motion. (Dkt. 155.) For the reasons set forth herein, the Court declines Petitioner's invitation to entertain a motion under Rule 60(b).

## DISCUSSION

Because the filing of a notice of appeal divests the district court of jurisdiction to consider a motion for relief from judgment, *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986), Petitioner has filed the pending motion in accordance with the procedure outlined by the Ninth Circuit. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case."); *Carriger v. Lewis*, 971 F.2d 329 (9th Cir. 1992).

Petitioner inquires whether this Court would entertain or grant a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), which entitles the moving party to relief from judgment on several enumerated grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Citing *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003),[1] Petitioner contends that he is entitled to relief pursuant to Rule 60(b)(6) to correct "the structural error caused by Petitioner's incompetence throughout his federal habeas proceedings." (Dkt. 150 at 2.) Petitioner also contends that he is entitled to relief because "he was not afforded competent habeas counsel." (*Id.*, Appx. A at 7.) This allegation is based on the performance of habeas co-counsel Amy Krauss, specifically her failure to recognize the legal import of Petitioner's alleged incompetence and to seek a competency determination before this Court pursuant to *Rohan*. (*Id.* at 7-8.)

## I. BACKGROUND

On July 1, 2004, Petitioner filed a petition for writ of habeas corpus with this Court. (Dkt. 1.) On September 21, 2004, the Court appointed Amy Krauss as counsel for Petitioner. (Dkt. 7.) On November 4, 2004, the Court appointed Sean Chapman as lead counsel.[2] (Dkt. 17.) Petitioner filed an amended petition on June 29, 2005. (Dkt. 48.)

On October 31, 2005, Petitioner forwarded a letter to the Court indicating that he wished to "stop his appeal," alleging that the conditions of his confinement amounted to "psychological torture." (*See* Dkts. 60 at 1, 70 at 4.) Counsel met with Petitioner and

---

[1] In *Rohan* the Ninth Circuit held that a prisoner "has a statutory right to competence in his federal habeas proceedings," with competence defined as "the capacity to understand his position and to communicate rationally with counsel." 334 F.3d at 817, 819.

[2] In his motion Petitioner implies that the Court intended Ms. Krauss, an attorney with no capital experience, to serve as sole counsel in this matter. (Dkt. 150, Appx. A at 11.) In fact, as discussed with Ms. Krauss prior to her appointment, the Court intended from the start for Ms. Krauss to serve as co-counsel with Mr. Chapman, whose appointment was delayed pending his transition to private practice from the United States Attorney's Office.

- 2 -

persuaded him not to withdraw his petition. (Dkts. 61, 63.) In preparation for their motion for evidentiary development, counsel sought funding for expert services, including a psychiatric evaluation, explaining that "[w]ithout adequate psychiatric services, counsel believe it is likely that Petitioner will continue to make irrational decisions and/or his competency to make decisions at all will come into question." (Dkt. 70 at 8.) The Court authorized the appointment of a psychiatrist "for the limited purpose of evaluating Petitioner's current mental state." (Dkt. 72 at 3.) The Court subsequently explained, citing *Rohan*, that the "purpose of the evaluation authorized by the Court is to assist counsel and the Court in assessing Petitioner's current mental state for the purpose of ensuring that Petitioner is competent to assist counsel in these federal habeas proceedings." (Dkt. 75 at 1-2; *see* Dkt. 90 at 2.) Before a psychiatrist was appointed, Petitioner informed counsel that he would not cooperate with any psychiatric evaluation and again wished to withdraw his petition. (Dkt. 77.) After meeting with counsel, Petitioner agreed to continue with the habeas proceedings. (Dkt. 84.) On May 5, 2006, the Court appointed Dr. Barry Morenz to examine Petitioner. (Dkt. 90.)

Dr. Morenz's evaluation was attached to Petitioner's motion for evidentiary development. (Dkt. 95, Ex. 4.) In supporting the motion, the report focused on the existence of potential mitigating information; although Dr. Morenz discussed Petitioner's present mental condition, positing that Petitioner may suffer from a delusional disorder and a paranoid personality disorder, he did not address Petitioner's competence under *Rohan*.[3] Notwithstanding the Court's clear directive that Dr. Morenz evaluate Petitioner's mental state to ensure his competency to assist counsel, habeas counsel apparently chose not to ask the expert to conduct such an evaluation.

The Court denied Petitioner's habeas claims and entered judgment on August 28,

---

[3] In a declaration dated October 16, 2008, Dr. Morenz attests that, if he had been asked to render such a determination during his 2006 examination of Petitioner, he would have found Petitioner incompetent under *Rohan*. (Dkt. 150, Ex. 17.)

- 3 -

2007. (Dkts. 116, 129, 130.) Petitioner filed a motion to alter or amend judgment, which the Court denied. (Dkts. 131, 132.) On October 3, 2007, Petitioner filed a notice of appeal. (Dkt. 133.) Thereafter Chapman withdrew as counsel and was replaced by the Office of the Federal Public Defender, with Krauss remaining as co-counsel. (Dkt. 150, Ex. 2.)

On May 23, 2008, Petitioner filed a Motion for Competency Determination and Stay of Proceedings with the Court of Appeals. (Dkt. 150, Ex. 15.) On November 12, 2008, Krauss moved to withdraw, citing the alleged deficiencies in her performance which are the subject of this motion, and the Ninth Circuit granted the motion. (*Id.*, Ex. 3; Dkt. 151, Ex. 1.) On November 13, 2008, Petitioner filed the instant motion. (Dkt. 150.)

## II. ANALYSIS

As set forth below, the Court has determined that it will not entertain Petitioner's motion for relief under Rule 60(b)(6). This conclusion is dictated by several factors, foremost the criteria governing motions under Rule 60(b)(6). The Court also finds that the nature of the relief sought in Petitioner's motion, as well as the validity of Petitioner's criticism of habeas counsel's performance, necessitate a denial of the pending motion.[4]

### A. Application of Rule 60(b)(6)

Rule 60(b) is the appropriate rule to invoke when a party wishes a court to reconsider claims it has already decided. *Hamilton v. Newland* 374 F.3d 822, 825 (9th Cir. 2004). Rule 60(b)(6) only applies to grounds for relief not included in subsections (b)(1) through (5). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). Although Petitioner titles his motion as one seeking relief under Rule 60(b)(6)'s "catch-all" provision, Respondents contend Petitioner's

---

[4] Respondents do not address the substantive, as opposed to the procedural, arguments concerning Petitioner's Rule 60(b) motion (Dkt. 155 at 5 n.1), and the Court agrees that Petitioner's motion for relief does not satisfy the criteria set forth in subsections (b)(1) or (b)(6). Nevertheless, in order to fully explain the basis for its ruling on the pending motion, the Court will discuss of the merits of the underlying motion to vacate judgment.

- 4 -

motion is based on subsection (b)(1), which permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Fed. R. Civ. P. 60(c)(1). (Dkt. 155 at 2-3.) Respondents further argue that the mistake or neglect alleged by Petitioner – i.e., habeas counsel's failure to seek a competency determination under *Rohan* – is not "excusable." (*Id.* at 3-4.) Finally, Respondents note that under Rule 60(b)(1) the motion is untimely, falling outside the one-year filing period. (*Id.* at 4-5.)

The Court agrees with Respondents that Petitioner's motion, notwithstanding its title, is properly categorized as a request for relief based upon mistake, inadvertence, or excusable neglect under Rule 60(b)(1). It is therefore untimely under Rule 60(c)(1), being filed thirteen months after the Court's order and judgment denying the habeas petition on August 28, 2007. However, even if the motion was properly brought under subsection (b)(6), the Court would decline to entertain it.

A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(b)(6), and requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524 (2005). A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has emphasized that the Rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103. The United States Supreme Court has noted that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. The Ninth Circuit has explained that "[n]eglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).

The pending motion was neither brought within a reasonable time nor based on a

showing of extraordinary circumstances. Petitioner did not exercise diligence by allowing thirteen months to pass from the date of the judgment to the filing of a motion seeking relief from that judgment. While that period elapsed Petitioner filed a motion with the Court of Appeals seeking a competency determination and a stay pursuant to *Rohan*; another six months passed before Petitioner asked this Court for leave to file a Rule 60(b)(6) motion based upon Petitioner's alleged *Rohan* incompetence during the habeas proceedings.

In addition, Petitioner has not demonstrated that extraordinary circumstances beyond his control prevented him from seeking a competency determination before this Court. *See Schanen v. United States Dep't of Justice*, 762 F.2d 805, 807-08 (9th Cir.1985), *reaff'd as modified,* 798 F.2d 348 (9th Cir. 1986) (new arguments which a party could have raised prior to entry of the underlying judgment do not warrant relief under Rule 60(b)(6)). There has been no "change of circumstances between the time when [he] filed his habeas petition and the time when he filed his 60(b) motion" that justifies relief. *Hamilton*, 374 F.3d at 825. The only circumstance Petitioner cites as a basis for his motion under Rule 60(b)(6) is habeas counsel's failure to pursue a *Rohan* claim before this Court. As discussed in the following sections, a challenge to habeas counsel's performance cannot form the basis for relief under Rule 60(b).

### B.     **Successive petition:** *Gonzales v. Crosby*

In *Gonzalez*, 545 U.S. at 529, the Supreme Court held that Rule 60(b) applies in the habeas context to the extent that it is "not inconsistent with" applicable federal statutes, including the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA prohibits successive habeas petitions. 28 U.S.C. §2244(b). As the *Gonzalez* Court explained, a Rule 60(b) motion constitutes a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Id.* at 530-31. A claim is defined as "an asserted federal basis for relief from a state court's judgment of conviction"; a motion brings a claim "if it attacks the federal court's previous resolution of a claim *on the merits.*" *Id.* at 532. "On the merits" refers "to a determination that there exist or do not exist

- 6 -

grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at n.4. By contrast, "[i]f neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533.

Petitioner argues that his allegations of *Rohan* incompetence and ineffective assistance of habeas counsel challenge the integrity of the habeas proceedings and therefore constitute a basis for a proper motion under Rule 60(b). The Court disagrees.

An appropriate Rule 60(b) motion, the *Gonzalez* Court explained, "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. The Court specifically noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5. Similarly, the Sixth Circuit, in ruling that the petitioner's Rule 60(b) motion was actually a second or successive habeas petition, explained:

> It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure – after obtaining leave to pursue discovery – actually to undertake that discovery; all that matters is that Post is "seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

*Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 530-31). Likewise, in *Gray v. Mullin*, 171 Fed.Appx. 741, 742 (10th Cir. 2006), where habeas counsel had failed to provide the full state court record to the district court, causing the court to deny the petitioner's ineffective assistance claim, the petitioner asserted that his Rule 60(b) motion did not constitute a successive petition under *Gonzalez* but was an attack on the integrity of the habeas proceeding. The Tenth Circuit disagreed, concluding that the motion reasserted a substantive claim after the federal court had already ruled on the merits; the

motion therefore constituted a successive petition. *Id.* at 743-44; *see also Gurry v. McDaniel*, 149 Fed.Appx. 593, 596 (9th Cir. 2005) (Rule 60(b) motion was barred as a successive habeas petition, where the motion was based on the allegedly ineffective assistance provided by previous habeas counsel).

Petitioner's Rule 60(b) motion seeks relief from the judgment denying his habeas claims on the merits. In doing so, the motion attacks habeas counsel's performance. Therefore, according to *Gonzales* and *Post*, Petitioner's motion does not challenge the integrity of the habeas proceedings but instead constitutes a successive petition, which this Court cannot entertain absent the satisfaction of the criteria set forth in 28 U.S.C. § 2244(b).

### C. Habeas counsel's performance

Under 28 U.S.C. § 2254(I), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." As noted above, in *Post* the petitioner asserted that his habeas attorneys were ineffective because they failed to undertake discovery after obtaining permission to do so from the district court. Along with finding that the motion was forbidden as a successive petition, the Sixth Circuit explained that a Rule 60(b) motion is a proceeding "arising under" 28 U.S.C. § 2254 and therefore an allegation of ineffective assistance of habeas counsel is barred from review pursuant to § 2254(I). *Post*, 422 F.3d at 422-23.

Petitioner nevertheless contends that he has a statutory right to effective habeas counsel pursuant to 18 U.S.C. §§ 3599(a)(2) and (e) (formerly 21 U.S.C. §§ 848 (q)(4)(B) and (8)). The right to competent or effective habeas counsel is not supported by these provisions, which simply set a standard of qualification based on experience and are silent on the issue of counsel's actual performance. No court has held that there is a statutory right to competent performance by habeas counsel; moreover, as just noted, such a right is not supported by the AEDPA, which under § 2254(I) specifically prohibits relief based upon ineffective assistance of habeas counsel. *See Post*, 422 F.3d at 422-23; *see also Cooey v.*

*Bradshaw*, 2005 WL 1965966 (N.D. Ohio 2005).

Petitioner also asserts that the *Gonzales* Court, in stating that a challenge based on the movant's conduct or habeas counsel's omissions "*ordinarily* does not go to the integrity of the proceedings," 545 U.S. 532 n.5 (emphasis added), meant to exclude capital cases from the principle that relief sought on the grounds of habeas counsel's performance constitutes a successive petition. Petitioner cites no authority for this interpretation, and no other court has adopted it. In fact, the courts in *Post* and *Cooey*, both capital cases, explicitly applied *Gonzalez*'s analysis to reject Rule 60(b) motions based upon ineffectiveness of habeas counsel.

Finally, even if the Court were to concede, contrary to the authority discussed above, that ineffective performance by habeas counsel could undermine the integrity of the habeas proceedings, such that Petitioner's Rule 60(b) motion does not constitute a successive petition, the complained-of conduct by Petitioner's counsel does not meet that standard. In a case decided prior to the ruling in *Gonzalez*, the Second Circuit denied the petitioner's request for relief under 60(b) based on habeas counsel's performance. *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004). The court held that counsel's failure to raise certain claims – a failure which counsel himself was willing to swear constituted ineffective assistance – did not undermine the integrity of the proceedings because counsel's performance did not reach a level of deficiency that could be deemed "abandonment" of the petitioner's case. *Id.* at 81-82. The court then explained that to prove abandonment, "a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Id.* at 81.

Petitioner has not demonstrated that habeas counsel's performance descended to a level where Petitioner was abandoned and deprived of an opportunity to be heard. Despite communication problems resulting from Petitioner's increasing paranoia, he and counsel enjoyed "very good relationship" and their visits were "productive." (RT 3/22/06 at 5.)

- 9 -

1  Counsel filed a 128-page amended petition raising fourteen claims and numerous subclaims,
2  followed by a comprehensive motion for evidentiary development. (Dkts. 48, 95.)  The
3  record reveals that the most serious concerns about Petitioner's mental health arose after the
4  amended petition had been filed. (*See* RT 3/22/06 at 5-6, 12, 18.)

5  The record also shows that counsel did not ignore Petitioner's mental health; instead,
6  they sought to address the issue in a manner that would enable Petitioner to continue to
7  pursue his habeas claims.[5] As Ms. Krauss states in her declaration, her concerns regarding
8  Petitioner's mental health were "to find out if he had a disorder that explained why he would
9  not allow trial counsel to conduct a mitigation investigation or present mitigation evidence"
10 and "focus[ed] on keeping him from volunteering to be executed." (Dkt. 150, Ex. 1 at 1.) To
11 this end, counsel sought an evaluation to determine if Petitioner suffered from a sleep
12 disorder that contributed to his desire to withdraw his petition. (Dkt. 110).

13 The only allegation of deficient performance is that Ms. Krauss, allegedly unaware
14 of *Rohan* despite this Court's repeated references to the decision, failed to seek a competency
15 determination and a stay of the proceedings.[6] In her declaration Ms. Krauss attests that the
16 amended petition filed on June 29, 2005, "was prepared in large part without [Petitioner's]
17 meaningful assistance" and that she believes Petitioner "was incompetent to assist us during
18 the pendency of his federal habeas proceedings in district court." (Dkt. 150, Ex. 1 at 3.) She
19 indicates that if she had been aware of *Rohan* she would have moved for a stay and a
20 competency determination. (*Id.*) However, neither she nor Mr. Chapman indicate a belief
21 that Petitioner was incapable, as opposed to unwilling, to communicate rationally with them

---

[5] Until the decision was overruled in *Schriro v. Landrigan*, 550 US 465, 127 S. Ct. 1933 (2007), in May 2007, the Ninth Circuit's holding in *Landrigan v. Schriro*, 441 F.3d 638 (9th Cir. 2006) (en banc), provided support for Claim 1 of Petitioner's amended habeas petition.

[6] The record also includes an affidavit by lead counsel Chapman, who does not indicate that he was similarly uninformed. (Dkt. 150, Ex. 11.)

on specific claims that "could potentially benefit" from his input. *Rohan*, 334 F.3d at 819. In addition, Petitioner's habeas claims are not based on information outside the record; most are legal challenges – to the jury instructions, the application of aggravating factors, evidentiary rulings, or to the AEDPA or the death penalty itself. Only Claims 1 and 2, concerning the sentencing stage of trial and Petitioner's waiver of mitigating evidence, arguably could have benefitted from information within Petitioner's "private knowledge." *Id.* at 818. However, the record on this issue was fully developed in state court and, as the Court explained in its order denying habeas relief, Petitioner's waiver was valid under *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933 (2007).

Given the circumstances outlined above, habeas counsel's performance did not amount to an abandonment of Petitioner or deprive him of his right to have his claims heard.

### III. CONCLUSION

The Court declines to entertain Petitioner's motion for relief under Rule 60(b)(6). The motion is neither timely nor does it invoke extraordinary circumstances beyond Petitioner's control. To the extent that it relies on habeas counsel's performance as a basis for relief under, the motion constitutes a successive petition. Finally, there is no statutory right to effective assistance of habeas counsel, the AEDPA explicitly states that ineffectiveness of habeas counsel shall not be a basis for relief, and Petitioner has failed to show that habeas counsel's performance was so deficient as to constitute abandonment and undermine the integrity of the habeas proceedings.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Request for Indication Whether Court Will Entertain a Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. 150) is **DENIED**.

DATED this 9th day of January, 2009.

_____
Mary H. Murguia
United States District Judge